JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01754-DOC-DFM                                  Date: January 31, 2023

Title: MOSTAFA TAGHAVI v. COSTCO WHOLESALE CORPORATION ET AL.

PRESENT:             THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

## I.     Background

This is a premises liability action, concerning Plaintiff Mostaga Taghavi's slip and fall in the premises of Defendant Costco Wholesale Corporation ("Costco"). Notice of Removal ("Notice") (Dkt. 1), *see also* Complaint (Dkt. 1, Exhibit A). Plaintiff alleges that Defendants "carelessly and negligently . . . maintained the premises which caused Plaintiff to slip and fall on either fruits or other items . . . which caused [Plaintiff] to sustain serious and severe injuries." Complaint at 4.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on August 10, 2022. On September 22, 2022, Defendant removed the action to this Court, asserting diversity jurisdiction. Notice of Removal (Dkt. 1).

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-01662-DOC-DFM									Date: January 31, 2023
												Page 2

from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-01662-DOC-DFM  Date: January 31, 2023
Page 3

minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III. Discussion

Defendant argues that this Court has diversity jurisdiction in this action. Notice of Removal ¶ 6–16. The Court disagrees.

Plaintiff's Complaint does not clearly or unambiguously allege $75,000 in damages. Accordingly, Defendant must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Here, Defendant cites to a correspondence from Plaintiff's counsel where Plaintiff demands $250,000 to resolve this matter. Notice at 2, 16. The correspondence purportedly includes "detailed medical billing and reports" in an exhibit. *Id.* at 14. While Defendant attached the correspondence to the Notice of Removal, Defendant appears to have specifically omitted the medical billing exhibit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-01662-DOC-DFM                                                     Date: January 31, 2023
                                                                                                                  Page 4

In the absence of this detailed medical billing, Defendant asks this Court to consider only a settlement offer as evidence of the amount in controversy. The Court will not include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). The Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992). Here, while the Court finds that removal was improper, the Court concludes that it was not so inconceivable as to meet the "objectively unreasonable" standard. As a result, the Court declines to award Plaintiff attorneys' fees.

### IV.   Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                               Initials of Deputy Clerk: kdu
CIVIL-GEN